AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| ANASTACHIA GUDGEON <br><br> *Plaintiff(s)* <br><br> v. <br><br> GILLIGAN COMPANY, LLC d/b/a <br> Dunkin Donuts <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  GILLIGAN COMPANY, LLC d/b/a
Dunkin Donuts
3805 Edwards Rd., Suite 680
Columbus, OH 43215

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Alisa R. Adams (98503)
Adams Law Practice, LLC
2238 E 95th Street
Cleveland, Ohio 44106
(216) 926-0065
Alisa.Adams@hotmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                                 _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANASTACHIA GUDGEON<br>1604 Garwood Drive<br>Dayton, OH 45432 | Case No.<br>Judge |
| Plaintiff | |
| V. | |
| GILLIGAN COMPANY, LLC d/b/a<br>Dunkin Donuts<br>3805 Edwards Rd., Suite 680<br>Columbus, OH 43215 | **COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |
| Defendant | |

Plaintiff Anastachia Gudgeon ("Plaintiff") through Counsel, and for her Complaint for Damages against Defendant Gilligan Company, LLC ("Defendant"), hereby states as follows:

## INTRODUCTION

1. This is an action for actual damages, statutory damages, and legal fees and expenses filed by Plaintiff against Defendant for Defendant's improper actions and conduct which are not in compliance with Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991(Title VII) and the Ohio Civil Rights Act, Ohio Revised Code § 4112.01 et seq.

## PARTIES

2. Plaintiff Gudgeon is a resident of Montgomery County, Ohio, where she resided during the period of time relevant to this lawsuit.

3. Defendant Gilligan Company, LLC is a limited liability company organized under the laws of the state of Ohio and is registered to do business with the Ohio Secretary of State.

4. Defendant is an employer of Plaintiff for all purposes of liability in this lawsuit.

5. Defendant is a franchisor or franchisee of Dunkin' Donuts.

## JURISDICTION AND VENUE

6. Plaintiff's claims arise under both federal and Ohio state law.

7. This Court has federal subject matter jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991(Title VII) and 28 U.S.C. § 1331, as Plaintiff's Title VII claim constitutes a federal question.

8. This Court has supplemental jurisdiction over the state law claims for sexual harassment in violation of Ohio Revised Code § 4112.02(A) and 4112.02(I) asserted herein under 1367(a).

9. This Court location is the proper venue for this action under 28 U.S.C. § 1391(b).

10. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because (a) Plaintiff is a resident in this District and (b) all or a substantial part of the events giving rise to the claims in this lawsuit occurred in Montgomery County, Ohio.

## FACTUAL ALLEGATIONS

11. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs as if fully rewritten herein.

12. Plaintiff was employed by Defendant during the incidents at issue in this lawsuit.

13. Kelly Walters was employed by Defendant as a general manager of the Dunkin Donuts location where Plaintiff worked in Dayton, Ohio.

2

14. Defendant is and at all relevant times was the employer of Kelly Walters.

15. Plaintiff was sexually harassed by Walters during the course of her employment with Defendant.

16. Defendant knew or should have known about the sexual harassment but did not properly address it.

17. Plaintiff worked for Defendant from approximately August 1, 2021 to September 7, 2021.

18. Plaintiff experienced severe and pervasive sexual harassment, including sexually inappropriate contact, comments and sexual propositions.

19. Upon being hired by Gilligan Company, LLC, Plaintiff was warned by coworkers that Walters was a "perv" and that he engaged in sexually inappropriate and unwanted physical contact of the female employees.

20. On or about four occasions, Walters approached Plaintiff while she was working and touched her buttocks.

21. Walters also frequently made sexually inappropriate and offensive comments. For example, Walters asked a female employee "can I get a couple of shakes?" while she was using a cinnamon-sugar shaker.

22. On another occasion, Walters asked an underage male employee whether his younger sisters – who are also underage – were cute.

23. Another incident involved a female employee asking Walters for a different sized shirt as part of the work uniform, to which Walters stared at her breasts and said, "It looks like this one fits you good."

24. Plaintiff also witnessed Walters frequently comment on the appearance of female customers, making comments such as "she is so hot" or "that girl is cute."

25. Walters also subjected Plaintiff to sexually inappropriate text messages. On or about October 6, 2021, Plaintiff had to be excused from work to attend a doctor's appointment. After Plaintiff informed Walters, he replied that he would normally fire someone but that he would not fire Plaintiff because he liked her.

26. On another occasion, Walters text messaged another female employee asking if she was awake. After she indicated that she was, Walters replied, "I have been thinking about you since I woke up."

27. Plaintiff complained to Shift Lead Aiden Sikes about Walters' sexually inappropriate physical contact and comments. Sikes indicated that she and other female employees had been subjected to similar behavior from Walters, and had complained to Assistant Manager, Jessica Sikes, who failed to take any action.

28. Sometime thereafter, Plaintiff repeatedly contacted Human Resources until she received a response. After approximately five days, Plaintiff was contacted by a Human Resources representative. Plaintiff explained that she had been receiving sexually inappropriate and unsolicited physical contact and comments from Walters. The Human Resources representative indicated that the Vice President would reach out to Plaintiff. Plaintiff received no contact from the Vice President and no action was taken against Walters.

29. Plaintiff was able to obtain the Vice President's contact information and reached out to him directly to complain about the sexual harassment. During this telephone call, Plaintiff indicated that she was resigning her employment due to Walters' inappropriate comments and behavior.

4

30. After Plaintiff notified the Vice President that she had no choice but to resign due to Walters' behavior, the Vice President offered to transfer Plaintiff to another store location. Plaintiff could not accept the transfer as she does not have any means of transportation and her current work location was within walking distance of her residence.

31. Plaintiff also noted how a transfer would not prevent Walters from continuing to sexually harass other employees. Plaintiff indicated that she would be willing to continue working at the same location if Walters was terminated or placed on leave pending an investigation into her claims.

32. Defendant still refused to take any action to prevent Walters from create and fostering a sexually hostile work environment.

## COUNT I: SEXUALLY HOSTILE WORK ENVIRONMENT
**(Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*)**

33. The Plaintiff restates and alleges the allegations contained in the preceding paragraphs as if fully restated herein.

34. Plaintiff timely filed charges for this count with the Equal Employment Opportunity Commission ("EEOC").

35. After the EEOC issued and delivered Plaintiff's right to sue letter on November 28, 2022, Plaintiff timely filed this lawsuit within 90 days of receipt.

36. All administrative prerequisites to the filing of this lawsuit are satisfied.

37. As set forth in the preceding paragraphs, Defendant subjected Plaintiff to a sexually hostile work environment in violation of Title VII.

38. Defendant created and fostered a severe and pervasive sexually hostile work environment that consisted of, among other things, (a) numerous unwanted sexual comments made

to and about Plaintiff, (b) numerous unwanted sexual advances made to Plaintiff and (c) failure to adequately prevent and correct sexually harassing behavior.

39. Because the sexual harassment at issue was open and notorious and because Plaintiff complained, Defendant's management either knew or should have known about the sexual harassment, yet failed to take appropriate remedial action. Defendant did not take reasonable steps to prevent and correct the harassment even after Plaintiff complained.

40. Defendant is also strictly, automatically and directly liable for the sexual harassment committed by Walters as a high-level supervisor, manager and/or owner.

41. Defendant constructively discharged Plaintiff due to the intolerable sexually hostile work environment.

42. As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages emotional distress, anguish, and mental and physical pain and suffering. Therefore, Plaintiff is entitled to recover compensatory damages for past, present, and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment to life to the maximum extent and amount by law.

43. Defendant intentionally engaged in the above-described discriminatory practices with malice and/or reckless indifference to the legally protected rights of Plaintiff. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant. Plaintiff seeks relief as set forth below.

**COUNT II: RETALIATION**
**(Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*)**

44. The Plaintiff restates and alleges the allegations contained in the preceding paragraphs as if fully restated herein.

45. Plaintiff timely filed charges for this count with the Equal Employment Opportunity Commission ("EEOC").

46. After the EEOC issued and delivered Plaintiff's right to sue letter on November 28, 2022, Plaintiff timely filed this lawsuit within 90 days of receipt.

47. All administrative prerequisites to the filing of this lawsuit are satisfied.

48. As set forth in the preceding paragraphs, Defendant subjected Plaintiff to retaliatory termination in violation of Title VII after and because she complained about and opposed a sexually hostile work environment and otherwise asserted her rights to be free from a sexually lost hostile work environment.

49. Defendant is also strictly, automatically, and directly liable for the retaliation committed by Walters as a high-level supervisor, manager, and/ or owner.

50. As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages emotional distress, anguish, and mental and physical pain and suffering. Therefore, Plaintiff is entitled to recover compensatory damages for past, present, and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment to life to the maximum extent and amount by law.

51. Defendant intentionally engaged in the above-described discriminatory practices with malice and/or reckless indifference to the legally protected rights of Plaintiff. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant. Plaintiff seeks relief as set forth below.

**COUNT III: SEXUALLY HOSTILE WORK ENVIRONMENT**
**(Ohio Civil Rights Act, R.C. § 4112.1, *et. seq.*)**

52. The Plaintiff restates and incorporates all of his statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

53. Defendant created and fostered a severe and pervasive sexually hostile work environment in violation of the Ohio Civil Rights Act, including R.C. § 4112.02(A), based on sex that was sufficiently severe and pervasive enough to affect the terms and conditions or privileges of employment (or any matter directly related to employment) that consisted of, among other things, (a) numerous unwelcomed sexual comments made to and about Plaintiff, (b) numerous unwelcomed sexual advances made to Plaintiff, and (c) the failure to adequately prevent and correct sexually harassing behavior.

54. Because the sexual harassment at issue both committed by a supervisor and open and notorious and because Plaintiff complained, Defendant's management either knew or should have known about the sexual harassment, yet failed to take appropriate remedial action. Defendant did not take reasonable steps to prevent and correct the harassment even after Plaintiff complained.

55. Defendant is also strictly, automatically, and directly liable for the sexual harassment committed by Walters as a high-level supervisor, manager, and/ or owner.

56. Defendant constructively discharged Plaintiff due to the intolerable sexually hostile work environment.

57. As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages emotional distress, anguish, and mental and physical pain and suffering. Therefore, Plaintiff is entitled to recover compensatory damages for past, present, and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment to life to the maximum extent and amount by law.

## COUNT IV: RETALIATION
### (Ohio Civil Rights Act, R.C. § 4112.1, *et. seq.*)

58. The Plaintiff restates and incorporates all of his statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

59. As set forth in the preceding paragraphs, Defendant subjected Plaintiff to retaliatory termination in violation of the Ohio Civil Rights Act, including R.C. § 4112.02(I), after and because she complained about and opposed a sexually hostile work environment and otherwise asserted her rights to be free from a sexually hostile work environment.

60. Defendant is also strictly, automatically and directly liable for the retaliation committed by Walters as a high-level supervisor, manager, and/or owner.

61. As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages emotional distress, anguish, and mental and physical pain and suffering. Therefore, Plaintiff is entitled to recover compensatory damages for past, present, and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment to life to the maximum extent and amount by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anastachia Gudgeon respectfully requests that this Court enter an Order granting judgment against Gilligan Company, LLC,:

A. For declaratory judgment that Defendant violated Plaintiff's rights under Title VII and Ohio Revised Code §§ 4112.02(A) and 4112.02(I);

B. For an award of economic damages in the maximum amount for lost wages and benefits, monetary losses, back pay, front pay, liquidated damages, punitive damages, exemplary damages, and all other damages allowed by law;

    C.    For an award of non-economic damages including for emotional and physical pain, suffering, inconvenience, mental anguish, and loss and enjoyment to life.

    D.    For an award of Plaintiff's reasonable attorneys' fees and costs;

    E.    For an award of pre-judgment and post-judgement interest; and

    F.    All such further and other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/Alisa Adams, Esq.
Alisa R. Adams (98503)
Adams Law Practice, LLC
P.O. Box. 1834
Cleveland, Ohio 44106
(216) 926-0065
Alisa.Adams@hotmail.com


/s/Matthew J. Clark, Esq.
Matthew J. Clark
Gregory, Moore, Brooks & Clark, P.C.
28 West Adams Ave., Suite 300
Detroit, MI 48226
(313) 964-5600 (Telephone)
(313) 964-2125
Matt@unionlaw.net
*Application for pro hac vice admission forthcoming*

*Attorneys for Plaintiff*

February 20, 2023