UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANASTACHIA GUDGEON,

    Plaintiff,

vs.

GILLIGAN COMPANY LLC
*d/b/a* DUNKIN' DONUTS,

    Defendant.

Case No. 3:23-cv-54

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.
(mediation referral)

---

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 27); (2) REFERRING THE CASE TO MAGISTRATE JUDGE PETER B. SILVAIN, JR. FOR THE PURPOSE OF HOLDING ONE OR MORE MEDIATION CONFERENCES; AND (3) REQUIRING THE PARTIES TO PARTICIPATE IN GOOD FAITH IN THE MEDIATION CONFERENCE(S)**

---

Plaintiff Anastachia Gudgeon ("Gudgeon") alleges that her former employer, Defendant Gilligan Company LLC ("Gilligan"), an owner and operator of a Dunkin' Donuts located at 1310 Woodman Drive in Dayton, Ohio, created a hostile work environment and retaliated against her in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*, and Ohio law.  Gudgeon also alleges she is entitled to compensatory and punitive damages under Title VII and Ohio law.  This civil case is before the Court on Gilligan's motion for summary judgment.  Doc. No. 27.  Gudgeon responded (Doc. No. 30), and Gilligan replied (Doc. No. 31).  Thus, the motion is ripe for review.

### I.    FACTS

The following factual review is based on deposition testimony with the attached exhibits the parties submitted in support of their pending motions and memoranda.

Gilligan employed 19-year-old Gudgeon as a crew member at Gilligan's Dunkin' from August 2021 to October 2021, approximately seven weeks.  Doc. No. 21 at PageID 78, 95; Doc. No. 21-2 at PageID 110; Doc. No. 26 at PageID 358; Doc. No. 21 at PageID 63.  Kelly Walters worked as the store's general manager.  Doc. No. 21 at PageID 64.

Viewing the facts in the light most favorable to the non-moving party, Gudgeon's supervisor, Walters, commented on female customers' bodies, including high-school-aged girls, in front of Gudgeon.  *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007); Doc. No. 21 at PageID 75.  Walters texted her that he normally fired someone for missing work, but "I like you a lot as an employee and so I haven't decided.  I just want to sleep on it" before deciding, then he texted her the next day that he would not fire her because "I value you a lot[.]"  Doc. No. 21-14, PageID 220-21Doc. No. 21-14 at PageID 222.

Gudgeon alleges that Walters touched her buttocks with his hand four times on four different days.  Doc. No. 21 at Page ID 73.

On October 7, 2021 (approximately seven weeks into Gudgeon's employment and after the fourth time Walters allegedly touched her), Gudgeon called the urgent employee hotline to leave a complaint and request a call back.  Doc. No. 21 at PageID 73; Doc. No. 21-9 at PageID 191.  Gudgeon called again two days later after she did not receive a response to her first call.  Doc. No. 21 at PageID 91; Doc. No. 21-10 at PageID 192.  In her voicemail, Gudgeon indicated Walters had inappropriately touched her.  Doc. No. 21 at PageID 91.  On October 11, Gilligan's human resources manager, Jenise Conrad, started an investigation and interviewed several Dunkin' store employees.  Doc. No. 22 at PageID 238, 240, 242; Doc. No. 22-1 at PageID 259-60; Doc. No. 26 at PageID 368; Doc. No. 27-1 at PageID 410-11.  Walters denied the touching allegations.  Doc. No. 26 at PageID 357.

On October 18, Gilligan completed its investigation and found no sexual harassment by Walters.  Doc. No. 26-1 at PageID 377.  A Gilligan employee offered Gudgeon to transfer to another Dunkin' location or return to work in the same store as Walters.  Doc. No. 21 at PageID 80; Doc. No. 26-1 at PageID 377.  Gudgeon responded that she could not transfer to a different store because she did not have transportation, and she wanted to continue working at the Woodman Drive store but not with Walters.  Doc. No. 21 at PageID 80; Doc. No. 21-12 at PageID 200.  Gilligan never responded to Gudgeon, and she did not return to work.  Doc. No. 21 at PageID 80; Doc. No. 22 at PageID 244; Doc. No. 26 at PageID 364.

## II.	STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "Summary judgment is only appropriate 'if . . . depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Keweenaw Bay Indian Comm.*, 477 F.3d at 886 (quoting Fed. R. Civ. P. 56(c)).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party."  *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]"  *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).  Instead, the party opposing summary judgment has a shifting burden and "must -- by affidavits or as otherwise provided in

this rule -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted). Failure "to properly address another party's assertion of fact as required by Rule 56(c)" could result in the Court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Finally, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "[i]t is the attorneys, not the judges, who have interviewed the witnesses and handled the physical exhibits; it is the attorneys, not the judges, who have been present at the depositions; and it is the attorneys, not the judges, who have a professional and financial stake in case outcome." *Id*. at 406. In other words, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id*.

### III.  ANALYSIS

The Court has fully and carefully reviewed the record, briefs, and parties' arguments in this matter and in the instant case finds there are genuine disputes of material fact regarding all claims that cannot be resolved on summary judgment. The Court shall not enter "the jury box to consider the credibility of witnesses and evidence in resolving conflicts of material fact in disposing of the summary judgment motion[s]" here, considering that the jury has the best vantage point to decide these issues. *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1053 (6th Cir. 1989) (Krupansky, J., dissenting). Among other disputed facts, Gudgeon claims Walters inappropriately and unwelcomingly touched her on her buttocks, not once but *four times* – a claim denied by Gilligan. Touching even once can give rise to Title VII/ORC liability. *See Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 334 (6th Cir. 2008) (quoting *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 563 (6th Cir. 1999)). Defendant is thus not entitled to judgment as a matter of law.

4

### IV. CONCLUSION

Accordingly, the Court **DENIES** Gilligan's motion for summary judgment.  Doc. No. 27. Pursuant to 28 U.S.C. § 636(c) and S.D. Ohio Civ. R. 16.3(a)(1), this case is hereby **REFERRED** to Magistrate Judge Peter B. Silvain, Jr. for one or more mediation conferences.  The Court **ORDERS** the parties to participate in good faith in the mediation conference(s).  The date for the mediation conference(s) shall be arranged directly with Judge Silvain.  Trial, if needed, shall be scheduled thereafter.

**IT IS SO ORDERED.**

March 11, 2025                         s/*Michael J. Newman*
                                             Hon. Michael J. Newman
                                             United States District Judge